**IN THE COURT OF APPEALS OF IOWA**

No. 23-0464
Filed May 24, 2023

**IN THE INTEREST OF O.P.,**
**Minor Child,**

**J.B., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Carroll County, Joseph B. McCarville, District Associate Judge.

A mother challenges the juvenile court's removal order. **AFFIRMED.**

Mark J. Rasmussen of Rasmussen Law Office, Jefferson, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kaitlyn C. DiMaria of DiMaria Law P.L.L.C., Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

In early October 2022, the Iowa Department of Health and Human Services received allegations that the mother was smoking marijuana in the presence of the child, born in June 2017. As the department was conducting its initial investigation, the mother was arrested after she pointed a gun at a woman through her vehicle's passenger window and sunroof while the child was in the car. The mother was arrested in her home, and the police report from the arrest, given to one of the department's child protection workers, stated that police found marijuana on the mother's dresser and a loaded handgun in the mother's jacket pocket, which was laying on the floor. A founded child abuse assessment was completed, noting concerns with both the mother's displaying a weapon in front of the child as well as leaving the gun and marijuana within the child's reach.

After the mother was arrested, the child was removed from the mother's custody and placed in the temporary custody of the department. The county attorney filed a petition to adjudicate the child in need of assistance (CINA). While still in jail, the mother called the department social worker and said the child had a phone and asked the worker to make sure the child had it during their separation. When the social worker eventually took possession of the phone, there were obscene photographs of male and female genitalia accessible on the phone; a second founded child abuse assessment followed, finding the mother allowed the child access to obscene materials.

The mother was released from jail on November 10. After her release, she exercised visitation and completed a mental-health evaluation. She also provided

a drug screen, which was positive for hydrocodone; it was unclear whether this medication had been prescribed.[1]

The child was adjudicated CINA in January 2023, at which time the juvenile court found the child had "suffered or [was] imminently likely to suffer harmful effects as a result of . . . the failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.96A(3)(b) (Supp. 2022). That same month, the child's maternal grandmother moved in with the mother, and the child was placed in the grandmother's care; the implemented safety plan stated all interactions between the mother and child were to be supervised by the grandmother. Temporary custody of the child remained with the department.

In February, the mother revoked all releases of information[2] to the department and stopped drug testing.[3] She had only limited contact with the department's social worker, and at the March dispositional hearing, the social worker could not confirm that the mother was working or making other progress toward reunification. At the dispositional hearing, the mother asked for the child to be placed back in her care and custody. The juvenile court instead maintained the adjudication and placed the child in the department's custody; with the safety plan

---

[1] The department requested proof of a prescription, but we have no record showing compliance.

[2] At the dispositional hearing, the mother claimed she had only revoked the release for her past medical history. The department's report to the court ahead of the hearing explained the social worker received a text message from the mother stating, "Do not get any of my releases of info I do not authorize you to get any MORE of my information." The department treated this as a blanket revocation, and the juvenile court agreed with that characterization.

[3] Between the initial CINA adjudication hearing and the dispositional hearing, the department social worker asked the mother to complete a drug test four times, all of which the mother refused.

that the child remain in the grandmother's care and the grandmother supervise all interactions between the child and mother. The mother now appeals.

The mother makes two arguments—(1) the child should have been returned to her custody when she was released from jail, and (2) the child should have been placed in the mother's custody at the March dispositional hearing. Her first claim, however, is moot—once there was a dispositional hearing, "any error committed in granting the temporary ex parte order cannot now be remedied. We cannot go back in time and restore custody based on alleged errors in the initial removal order." *In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994); *see also In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) ("Ordinarily, an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" (citation omitted)); *In re D.N.*, No. 22-1262, 2023 WL 386705, at *2 (Iowa Ct. App. Jan. 25, 2023) (deeming a mother's claim about "issues relating to the initial temporary removal order [were] moot" after the dispositional order confirming the removal order was entered). So, we turn to the mother's second claim.

We review CINA proceedings de novo. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). "Although we give weight to the juvenile court's factual findings, we are not bound by them." *Id.*

The mother argues the juvenile court wrongly placed the child in the department's custody rather than hers at the dispositional hearing; she does not appeal the child's adjudication as CINA. The child was adjudicated CINA under Iowa Code section 232.96A(3)(b), which allows the court to adjudicate a child CINA if "[t]he child has suffered or is imminently likely to suffer harmful effects as a result

of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." Iowa Code section 232.99(4) directs the court, following a dispositional hearing, to "make the least restrictive disposition[4] appropriate considering all the circumstances of the case," which the mother argues was to return the child to her custody.

With the child's best interests as our polestar, we cannot agree with the mother. *See In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014) ("Our primary concern [in CINA proceedings] is the child['s] best interests."). The mother had not assuaged the drug concerns that initially brought the family to the department's attention and was refusing continued drug testing, and the issues in the founded child abuse assessments remained unaddressed. We do not require "compliance for compliance's sake" from parents when it comes to child custody. *In re G.B.*, No. 22-0439, 2022 WL 1657190, at *5 (Iowa Ct. App. May 25, 2022). But here, the mother's lack of communication with the department prevented the juvenile court from monitoring if the necessary progress had been made to return the child to the mother's custody. In fact, prior to the appeal, the mother was facing a show cause order for failing to submit to drug tests or sign the necessary releases. Faced with these circumstances, the court chose an option—leaving the child in the department's custody while placing the child in the grandmother's care—that

---

4 "The dispositions which may be entered under this subchapter are listed in sections 232.100 through 232.102 in order from least to most restrictive." Iowa Code § 23.99(4).

kept the child and mother in the same home, which the court explicitly noted was important.

On our de novo review, we affirm the juvenile court order confirming continued removal from the mother, as placement with the mother was not appropriate without further supervision nor in the child's best interests.

**AFFIRMED.**